The opinion of the court was delivered by
Breaux, J.
The most valuable portion of the land claimed by the plaintiff was sold to her by Zenon Broussard in 1878 for the price of $8930.66.
A short time prior to that year her vendor, Broussard, under sheriff’s adjudication, had acquired it for $5700,
The other portion she claims as forming part of the plantation was sold to her also by the said Broussard; it consisted of, a small adjacent tract.
At the time of Broussard’s death in 1881 the plaintiff was indebted to him in the sum of $8720.70, and several years’ interest, being the unpaid purchase price on the plantation.
His widow, at the sale of the property of his succession, became the owner of the notes made by plaintiff and representing the purchase price of the plantation.
The owner of these notes, Mrs. Broussard, recovered judgment upon them in 1883, and granted a stay of execution until February, 1884.
In 1885 Mrs. Neblett, plaintiff in this suit, sold the plantation to Mrs. Broussard the holder of these notes, the amount and interest of which amounted at the time to $13,484.47.
The deed recites that the plantation is conveyed and given in pay - ment in, satisfaction of vendor’s indebtedness to vendee.
The act contains the recital “ that the vendor (Mrs. Neblett) will continue to live and reside on said plantation until the 1st of February, 1886, on which day she will move away from and vacate the premises and deliver actual possession of all of said property.”
“And that in case she should refuse to vacate and deliver the said plantation,” she obligated herself to pay the sum of $500, and all other damages.”
*1121 Mrs. Broussard, the vendee, bound herself to reconvey the plantation to the vendor upon the latter’s payment to her of $9000, at any time prior to the 1st of February, 1886.
Mrs. Neblett remained in possession.
She was called upon by her creditor, Mrs. Broussard, for the amount due.
A short time subsequent, i. e. in 1886, plaintiff’s brother called on Mrs. Broussard and obtained from her the promise to take $6000 in cash and $3000 on time in satisfaction of her claim.
He offered his note for the credit portion of the payment, and this Mrs. Broussard consented to accept.
Subsequently to this instead of the $3000 in notes, she agreed to take $1500 in cash.
Mrs. Broussard, after this agreement, authorized her agent to sell the plantation for an amount not less than $6000.
At this point of the case the defendant, Durio, became a party to the transactions.
The agent of Mrs. Broussard, Judge O. H. Mouton, called on Durio and offered to sell a portion of the place for that price.
This was declined.
Plaintiff’s brother informed the witness that he would pay to the agent the $1500, before mentioned, if he sold to Durio. There was no agreement whatever entered into between him and the said defendant, Durio, about this amount.
He sold to him for the price of $6000, without reference to any other amount.
The act of sale by Mrs. Broussard to the defendant, Durio, bears date 4th May, 1886.
It is unconditional and absolute. The purchase price was paid cash as recited in the deed. No reference is made in this deed to any loan made to Mrs. Neblett, or to any right of hers on the property.
The same day the purchaser, Durio, leased the plantation to Mrs. Neblett for the sum of $488.20 annual rental and all the taxes on the place each year of the lease. This lease was entered into for the term of three years.
Immediately after these acts were executed the defendant, Durio, by authentic act, promised to sell the plantation to the lessee, Mrs. Neblett, for $6102, provided she paid him that sum on or before 31st December, 1888.
*1122 In default of payment the promise to sell “ was to become null and void ipso facto.” It was agreed that the same stipulation should also apply if the rent notes were not promptly paid at their maturity.
At the expiration of this lease it was renewed for three years, also the promise to sell.
About twenty days prior to the expiration of the lease and the term of the promise to sell, Durio notified the plaintiff that he would not renew the lease and that he would take possession at the end of the year.
The plaintiff, Mrs. Neblett, wrote to the defendant: “We expect to have the amount ready for you in time, as we know it is due; and should we not, we know of course we must give possession according to agreement.”
The value of the place is one of the issues presented.
The estimates of witnesses who testified upon the subject greatly differ and is quite contradictory.
The amounts for which lands were sold in the vicinity offer a safer criterion of value, also the'price this plantation sold for at different times, together with the testimony of witnesses, who somewhat accord in their estimate, with the market value of the plantation as established by sales and transactions. Hollingsworth vs. Hollingsworth, 45 An.
The amount of the annual lease of the place.
The price at which the plantation was sold at sheriff’s sale.
The abandonment of amounts by the owner, Mrs. Broussard, and the amount she was willing to take for her claim and which she finally accepted, do not prove correctness of the high estimate of a few of the witnesses.
Plaintiff obtained possession at the expiration of the lease.
These are the facts.